IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

KRISTA BROWN,                    )
                                 )
                                 )
      Plaintiff,                 )
                                 )
v.                               )        No. 10-2497
                                 )
HOSTO & BUCHAN, PLLC             )
                                 )
                                 )
      Defendant.                 )

---

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO
DISMISS

---

Before the Court is a Motion to Dismiss filed by Defendant Hosto & Buchan, PLLC ("Hosto") on August 5, 2010. (Def.'s Mot. to Dismiss, ECF No. 5.) ("Def.'s Mot.") Plaintiff Krista Brown ("Brown") responded on September 3, 2010. (Pl.'s Resp. to Def.'s Mot. to Dismiss, ECF No. 8.) ("Pl.'s Resp.") Hosto replied on September 10, 2010. (Def.'s Reply, ECF No. 12.)

Brown alleges that Hosto violated two provisions of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692c(a)(2) and 15 U.S.C. § 1692d(5), and one provision of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b)(1)(A)(iii). (Compl. ¶¶ 13-14, 19.) In support of its Motion to Dismiss, Hosto argues that (1) Brown's Complaint fails to state a claim on which relief may be granted, (2) the Court

lacks subject matter jurisdiction over Brown's claim that Hosto violated the TCPA, and (3) Hosto is entitled reasonable attorney fees for expenses in defending this case. (See Br. in Supp. of Mot. to Dismiss 1, 12, ECF No. 5-1.) ("Def.'s Br.")  In her Response, Brown requests leave to file an amended complaint if the Court grants Hosto's Motion to Dismiss any of her claims. (See Pl.'s Resp. 3.)

For the reasons below, the Court DENIES Hosto's Motion to Dismiss Brown's claims that Hosto violated 15 U.S.C. § 1692d(5) and the TCPA.   The Court GRANTS Hosto's Motion to Dismiss Brown's claim that Hosto violated 15 U.S.C. § 1692c(a)(2) WITHOUT PREJUDICE.

### I.   Factual Background

This dispute stems from efforts to collect a debt Brown allegedly owes.  Brown, a consumer, owes a debt to a creditor other than Hosto and incurred it primarily for personal, family, or household purposes.  (Compl. ¶¶ 5, 8-9.)  Hosto is a debt collector engaged in the business of collecting debts.  (Id. ¶¶ 6-7, 10.)  Within one year before Brown filed the Complaint, Hosto used an automatic telephone dialing system to call Brown's cellular telephone number in an effort to collect her debt. (Id. ¶¶ 11-12.)   At one point, Hosto called her telephone

seventeen times in one month.[1]   (See id. ¶ 13.)   After learning that she was being represented by counsel, Hosto communicated directly with her without permission from her counsel.   (Id. ¶ 14.)

## II.   Standard of Review

In addressing a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the Court must construe the complaint in the light most favorable to the plaintiff and accept all well-pled factual allegations as true. League of United Latin Am. Citizens v. Bredesen, 500 F.3d 523, 527 (6th Cir. 2007).   A plaintiff can support a claim "by showing any set of facts consistent with the allegations in the complaint."   Bell Atl. Corp. v. Twombly, 550 U.S. 544, 563 (2007).   This standard requires more than bare assertions of legal conclusions.   Bovee v. Coopers & Lybrand C.P.A., 272 F.3d 356, 361 (6th Cir. 2001).   "[A] formulaic recitation of the elements of a cause of action will not do."   Twombly, 550 U.S. at 555.   Any claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."   Fed. R. Civ. P. 8(a)(2).   "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it

---

[1] Brown is unclear about whether she received all seventeen calls on her cellular telephone or whether she owns another telephone on which she also received calls.   (See Compl. ¶¶ 11-13.)

rests.'"   Erickson  v.  Pardus,  551  U.S.  89,  93  (2007)  (per
curiam)  (citing  Twombly,  550  U.S.  at  555).   Nonetheless,  a
complaint  must  contain  sufficient  facts  "to  'state  a  claim  to
relief  that  is  plausible  on  its  face'"  to  survive  a  motion  to
dismiss.   Ashcroft  v.  Iqbal,  129  S.  Ct.  1937,  1949  (2009)
(quoting  Twombly,  550  U.S.  at  570).   "The  plausibility  standard
is  not  akin  to  a  'probability  requirement,'  but  it  asks  for  more
than  a  sheer  possibility  that  a  defendant  has  acted  unlawfully."
Id.  (citing  Twombly,  550  U.S.  at  556).   "Threadbare  recitals  of
the  elements  of  a  cause  of  action,  supported  by  mere  conclusory
statements,  do  not  suffice."   Id.  (citation  omitted).   A
plaintiff  with  no  facts  and  "armed  with  nothing  more  than
conclusions"  cannot  "unlock  the  doors  of  discovery."   Id.  at
1950.

### III. Jurisdiction and Analysis

Brown  alleges  that  this  Court  has  federal  question
jurisdiction  over  her  claim  that  Hosto  violated  two  provisions
of  the  FDCPA,  15  U.S.C.  § 1692c(a)(2)  and  15  U.S.C.  § 1692d(5),
and  supplemental  jurisdiction  over  her  claim  that  Hosto  violated
the  TCPA.  (See  Compl.  ¶ 2;  Pl.'s  Mem.  of  Facts  and  Law  in  Supp.
of  Resp.  14-15,  ECF  No.  9  ("Pl.'s  Mem.").)   Hosto  does  not
contest  that  the  Court  has  subject  matter  jurisdiction  over
Brown's  two  FDCPA  claims,  but  argues  that  Brown's  Complaint
fails  to  state  a  claim  on  which  relief  may  be  granted,  the  Court

4

lacks subject matter jurisdiction over Brown's TCPA claim, and Hosto is entitled reasonable attorney fees for expenses in defending this case. (See Def.'s Mot. 1; Def.'s Br. 1, 12; Def.'s Reply 3-4.)

### A.   FDCPA Claims

This Court has original jurisdiction over Brown's FDCPA claims under the express authorization of federal jurisdiction found in 15 U.S.C. § 1692k(d) and the general federal question jurisdiction conferred by 28 U.S.C. § 1331. See 15 U.S.C. § 1692k(d) ("An action to enforce any liability created by this subchapter may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within one year from the date on which the violation occurs."); 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."); United States v. Goforth, 465 F.3d 730, 733 (6th Cir. 2006) (stating that § 1331 provides an independent basis for a district court's jurisdiction over a FDCPA claim).

### 1.   15 U.S.C. § 1692d(5)

Under 15 U.S.C. § 1692d, "[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of the debt." 15 U.S.C. § 1692d. Proscribed conduct includes

"[c]ausing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number." 15 U.S.C. § 1692d(5).

The FDCPA's main purposes are "to eliminate abusive debt collection practices, to ensure that debt collectors who abstain from such practices are not competitively disadvantaged, and to promote consistent state action to protect consumers." <u>Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA</u>, 130 S. Ct. 1605, 1608 (2010) (citing 15 U.S.C. § 1692(e)). Because Congress perceived the problem of abusive debt collection practices to be widespread, it deliberately made the FDCPA "an extraordinarily broad statute." <u>Frey v. Gangwish</u>, 970 F.2d 1516, 1521 (6th Cir. 1992). Therefore, the FDCPA "must be enforced as written, even when eminently sensible exceptions are proposed in the face of an innocent and/or de minimis violation." <u>Williams v. Javitch, Block & Rathbone, LLP</u>, 480 F. Supp. 2d 1016, 1021 (S.D. Ohio 2007) (citing <u>Frey</u>, 970 F.2d at 1521). Whether a valid debt exists does not matter. <u>Keele v. Wexler</u>, 149 F.3d 589, 594 (7th Cir. 1998).

"In determining whether any particular conduct violates the FDCPA, the courts have used an objective test based on the least sophisticated consumer." <u>Harvey v. Great Seneca Fin. Corp.</u>, 453 F.3d 324, 329 (6th Cir. 2006). In the context of § 1692d

claims, the "least sophisticated consumer" standard means that courts determine whether efforts to collect a debt would have the natural consequence of harassing, oppressing, or abusing a debtor from an unsophisticated consumer's perspective. See id. at 330-31; cf. Jeter v. Credit Bureau, Inc., 760 F.2d 1168, 1179 (11th Cir. 1985) ("[W]e hold that claims under § 1692d should be viewed from the perspective of a consumer whose circumstances makes him relatively more susceptible to harassment, oppression, or abuse.").

The nature of telephone calls, including their frequency, substance, or the place to which they are made, provides grounds to infer a debt collector's intent to annoy, abuse, or harass without any other evidence of the debt collector's motive in calling. See Kerwin v. Remittance Assistance Corp., 559 F. Supp. 2d 1117, 1124 (D. Nev. 2008) (collecting cases); see also Pugliese v. Prof'l Recovery Serv., Inc., No. 09-12262, 2010 WL 2632562, at *9 (E.D. Mich. June 29, 2010) ("To determine whether Defendants' calls amount to harassment, annoyance or abuse, the volume of the calls must be examined along with the pattern in which they were made and whether or not they were accompanied by oppressive conduct."); Brandt v. I.C. Sys., Inc., No. 8:09-cv-126-T-26MAP, 2010 WL 582051, at *3 (M.D. Fla. Feb. 19, 2010) (finding a genuine issue of material fact about whether a defendant's repeated telephone calls demonstrate an intent to

abuse or harass); <u>Majeski v. I.C. Sys., Inc.</u>, No. 08 CV 5583, 2010 WL 145861, at *3 (N.D. Ill. Jan. 8, 2010) ("Actionable harassment or annoyance turns on the volume and pattern of calls made, irrespective of the substance of the messages.") (citations omitted); <u>Prewitt v. Wolpoff & Abramson, LLP</u>, No. 05-CV-72FS, 2007 WL 841778, at *2-3 (W.D.N.Y. Mar. 19, 2007) (finding a genuine issue of material fact about whether repeated telephone calls demonstrate an intent to annoy, abuse, or harass).

Here, Hosto is alleged to have called Brown's telephone seventeen times in one month and called her cellular telephone using an automatic telephone dialing system at least once in an effort to collect a debt from Brown.  (Compl. ¶¶ 11-13.) Although Hosto denies these allegations (Def.'s Answer ¶¶ 11-13, ECF No. 6) and asserts that Brown "has purposely mislead [sic] and provided false facts to the Court" (Def.'s Br. 4), Brown's allegations are factual allegations that the Court must accept as true in deciding whether to grant Hosto's Motion to Dismiss. <u>See</u> <u>League of United Latin Am. Citizens</u>, 500 F.3d at 527; <u>cf.</u> <u>Crane & Shovel Sales Corp. v. Bucyrus-Erie Co.</u>, 854 F.2d 802, 803 (6th Cir. 1988) ("While the defendants dispute certain facts in the complaint, we, for the purpose of reviewing a granted 12(b)(6) motion to dismiss, assume those facts to be true.").

The issue is whether a debt collector[2] calling a debtor's[3] telephone seventeen times in one month and impermissibly calling a cellular telephone at least once plausibly violates § 1692d(5). See Iqbal, 129 S. Ct. at 1949.

When presented with nearly identical facts, courts have denied a defendant's motion to dismiss. See Valentine v. Brock & Scott, PLLC, No. 2:09-CV-2555-PMD, 2010 WL 1727681, at *4 (D.S.C. Apr. 26, 2010). In that case, the court determined that plaintiff stated a plausible claim for relief under § 1692d(5) where she alleged that the defendant called her eleven times over a period of nineteen days, with two calls occurring on the same day. Id. The court reasoned that the frequency of the defendant's calls showed that it was plausible that the defendant caused the plaintiff's telephone to ring or engaged her in a telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass. Id. In this case, Brown alleges that Hosto called seventeen times in one month, which is approximately the same rate of daily calls as in Valentine. (Compl. ¶ 13.) Because Valentine is persuasive, the same conclusion is appropriate. See Valentine, 2010 WL 1727681, at *4; see also Langdon v. Credit Mgmt., LP, No. C 09-3286, 2010 WL

---

[2] Hosto admits it is a "debt collector" as defined by 15 U.S.C. § 1692a(6). (Def.'s Answer ¶ 7).
[3] Hosto admits Brown "is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than [Hosto]." (Def.'s Answer ¶ 8).

3341860, at *2-4 (N.D. Cal. Feb. 24, 2010) (finding that a plaintiff's allegations that defendant often placed two or more collection calls per day stated a plausible claim under § 1692d and denying defendant's motion to dismiss); Akalwadi v. Risk Mgmt. Alts., Inc., 336 F. Supp. 2d 492, 505-06 (D. Md. 2004) (finding that, where the plaintiff alleged that the defendant called the plaintiff twenty-eight times during an approximately two-month period, including periods in which defendant called plaintiff on a daily basis and three times within five hours, "[t]he reasonableness of this volume of calls and their pattern is a question of fact for the jury").

Although some courts have granted motions to dismiss § 1692d(5) claims, those cases are readily distinguishable, making more conclusory allegations or allegations that simply recite the elements of § 1692d(5). See Clemente v. IC Sys., Inc., No. 10-cv-569-JAM-EFB, 2010 WL 3855522, at *1-2 (E.D. Cal. Sept. 29, 2010) (granting defendant's motion to dismiss where plaintiff alleged that defendant "cause[d] a telephone to ring repeatedly and continuously with intent to annoy, abuse and harass [p]laintiff" and "constantly and continuously places collection calls to [p]laintiff seeking and demanding payment for an alleged debt"); McVey v. Bay Area Credit Serv., No. 4:10-CV-359-A, 2010 WL 2927388, at *1 (N.D. Tex. July 26, 2010) (granting defendant's motion to dismiss where plaintiff alleged that

"[d]efendant constantly and continuously places collection calls to [p]laintiff seeking and demanding payment for an alleged debt," defendant called plaintiff from one telephone number and requested return calls to another number, and "[d]efendant often calls [p]laintiff multiple times per week"); Amaya v. Pollack & Rosen, P.A., No. 09-21137-CIV, 2010 WL 724451, at *4-5 (S.D. Fla. Feb. 25, 2010) (granting a motion to dismiss a plaintiff's § 1692d(5) claim where plaintiff's only relevant allegations were that "[d]efendants violated FDCPA § 1692d(5) by causing the telephone to ring repeatedly and continuously with the intent to annoy, abuse and/or harass [p]laintiff"). In contrast, Brown has alleged more concrete facts and does not merely recite the elements of § 1692d(5). (See Compl. ¶¶ 11-13.)

The frequency of Hosto's calls to Brown's telephone and the manner in which Hosto called Brown's cellular telephone using an automatic telephone dialing system could plausibly cause an unsophisticated consumer to feel harassed, oppressed, or abused. See Harvey, 453 F.3d at 330-31. Notwithstanding Hosto's argument that Brown's Complaint fails to state a claim on which relief may be granted because it "fail[s] to point to any circumstances surrounding these calls that might reveal an intent to annoy, abuse, or harass her" (Def.'s Br. 6), the frequency and nature of these calls provide plausible grounds to infer that Hosto's intent was to annoy, abuse, or harass Brown.

11

See Pugliese, 2010 WL 2632562, at *9; Brandt, 2010 WL 582051, at *3; Majeski, 2010 WL 145861, at *3; Kerwin, 559 F. Supp. 2d at 1124; Prewitt, 2007 WL 841778, at *2-3. Therefore, Hosto's Motion to Dismiss Brown's § 1692d(5) claim is DENIED.

### 2. 15 U.S.C. § 1692c(a)(2)

Under 15 U.S.C. § 1692c(a)(2), "without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt" when "the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address" unless the attorney does not respond within a reasonable period to a debt collector's communication or the attorney consents to the debt collector contacting the consumer. 15 U.S.C. § 1692c(a)(2).

Here, the factual allegations underlying Brown's claim that Hosto violated § 1692c(a)(2) recite the statutory language almost word for word. Brown asserts, "Where Defendant had not yet made an attempt to contact Plaintiffs [sic] counsel, and where Plaintiffs [sic] counsel had not give Defendant permission to contact Plaintiff directly, Defendant communicated with Plaintiff directly after learning that Plaintiff is being represented by counsel." (Compl. ¶ 14.)

12

In Hennington v. Am. Express Co., No. 3:09cv569-DPJ-FKB, 2010 WL 1329003 (S.D. Miss. Mar. 29, 2010), the court granted a motion to dismiss a plaintiff's claim where the plaintiff alleged almost identical facts. Hennington, 2010 WL 1329003, at *3. The plaintiff alleged that "[a]t the time Nationwide Credit, Inc. contacted Plaintiff, it knew Plaintiff was represented by an attorney with respect to the alleged debt and had knowledge of, or could readily ascertain the name and address of Plaintiff's attorney." Id. In dismissing the claim, the court reasoned that "this averment tracks the statutory language and offers nothing more than conclusory assertions that are unworthy of the presumption of truth and insufficient under the Federal Rules of Civil Procedure." Id. (citing Iqbal, 129 S. Ct. at 1949).

Brown's factual allegations are largely the same. Because Hennington is persuasive, the same conclusion is appropriate in this case. Brown has not met the plausibility standard required to survive a motion to dismiss.[4] See Iqbal, 129 S. Ct. at 1949. The facts required to state a plausible claim are within Brown's knowledge. No reason exists to overlook the insufficiency of

---

[4] Brown cites a pre-Twombly and pre-Iqbal case for the proposition that "unless Defendant unequivocally demonstrates Plaintiff cannot recover under any applicable legal theory of liability under the Act, assuming that the facts as alleged are proved, the Complaint cannot be dismissed." (Pl.'s Mem. 5 (citing Phillips v. Girdich, 408 F.3d 124, 128 (2d Cir. 2005).) After Twombly and Iqbal, that statement is no longer the law. See Iqbal, 129 S. Ct. at 1949; Twombly, 550 U.S. at 546.

Brown's present allegations. Therefore, the Court GRANTS Hosto's Motion to Dismiss Brown's claim that Hosto violated 15 U.S.C. § 1692c(a)(2) WITHOUT PREJUDICE.

### B.   TCPA Claim

#### 1.   Jurisdiction

Under 28 U.S.C. § 1367(a), district courts may exercise supplemental jurisdiction over claims that would otherwise fall outside their jurisdiction:

> Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

28 U.S.C. § 1367(a). This Court has original jurisdiction over Brown's FDCPA claims, one of which survives Hosto's Motion to Dismiss. See 15 U.S.C. § 1692k(d); 28 U.S.C. § 1331; Goforth, 465 F.3d at 733. The issue is whether the Court may and should exercise supplemental jurisdiction over Brown's TCPA claim.

The TCPA states that "[a] person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State" an action for an alleged violation of the TCPA. 47 U.S.C. § 227(b)(3). This language has perplexed courts and produced considerable disagreement about whether district courts may or should

14

exercise supplemental jurisdiction over a private TCPA claim.
Compare Muldrow v. Credit Bureau Collection Servs., Inc., No.
09-61792-Civ, 2010 WL 2650906, at *2 (S.D. Fla. June 30, 2010)
(declining to exercise supplemental jurisdiction over a private
TCPA claim), and United Artists Theatre Circuit, Inc. v. FCC,
147 F. Supp. 2d 965, 976 (D. Ariz. 2000) (finding that, under
the express terms of 28 U.S.C. § 1367(a) and "logic prohibiting
federal question jurisdiction," supplemental jurisdiction is
unavailable over a private TCPA claim), with Gottlieb v.
Carnival Corp., 436 F.3d 335, 342-43 (2d Cir. 2006) (Sotomayor,
J.) (holding that federal courts may exercise diversity
jurisdiction over private actions under the TCPA and rejecting
an interpretation of the TCPA that would preclude federal courts
from exercising supplemental jurisdiction).

The Supreme Court and the Sixth Circuit have not directly
addressed whether district courts may exercise supplemental
jurisdiction over a private TCPA claim.  In an unpublished case
in which plaintiffs brought TCPA and state law claims in state
court and the defendant removed the case to a district court on
the alleged basis of federal question jurisdiction, the Sixth
Circuit said that the defendant lacked an arguable basis for
removal.  Dun-Rite Constr., Inc. v. Amazing Tickets, Inc., No.
04-3216, 2004 WL 3239533, at *2 (6th Cir. Dec. 16, 2004).  The
Sixth Circuit rejected the defendant's argument that removal was

proper: "Contrary to [defendant]'s argument on appeal, state courts' maintenance of exclusive jurisdiction over private rights of action under the TCPA and federal courts' concomitant lack of jurisdiction to hear such private claims are well-settled." Id. (citations omitted).

In a subsequent published case, the Sixth Circuit expressed doubt about its prior opinion in dicta contained in a footnote:

> We note that the existence or non-existence of federal-question jurisdiction over private TCPA claims is not a settled question. Although six federal circuit courts have concluded that federal courts do not have federal-question jurisdiction over private TCPA claims, a decision from the Seventh Circuit and then-Judge Alito's dissent from a Third Circuit opinion raise serious questions about the majority view. Because, however, [plaintiff] did not assert federal-question jurisdiction in his complaint and has not contested the district court's statement that federal-question jurisdiction was not present, we will not address this question here.

Charvat v. GVN Mich., Inc., 561 F.3d 623, 627 n.2 (6th Cir. 2009) (citations omitted). In that case, a plaintiff sued a defendant in district court for alleged TCPA and state law violations and claimed that the district court had diversity jurisdiction. Id. at 625-26. After "assum[ing] without deciding that a federal court has diversity jurisdiction over private TCPA claims under § 1332 if the requirements of the diversity statute are met," the Sixth Circuit concluded that the amount-in-controversy requirement of § 1332 was not met. Id. at 628. On that basis, the Sixth Circuit affirmed the district

court's dismissal of the case for lack of subject matter jurisdiction.  Id. at 632.

The majority view among district courts within the Sixth Circuit is that, although district courts may not exercise federal question jurisdiction over private TCPA claims, they may exercise diversity jurisdiction.  Compressor Eng'g Corp. v. Mfrs. Fin. Corp., No. 09-14444, 2010 WL 3170074, at *3 (E.D. Mich. Aug. 11, 2010) (finding that the court may not exercise federal question jurisdiction over private TCPA claims); Am. Copper & Brass, Inc. v. Lake City Indus. Prods., Inc., No. 1:09-CV-1162, 2010 WL 2998472, at *2 (W.D. Mich. July 28, 2010) (stating that federal courts may exercise diversity jurisdiction over private TCPA claims); Imhoff Inv., L.L.C. v. Alfoccino of Auburn Hills, Inc., No. 10-CV-10221, 2010 WL 2772495, at *2 (E.D. Mich. July 13, 2010) (collecting cases for the proposition that the TCPA does not provide for federal question jurisdiction and dismissing plaintiff's complaint for lack of subject matter jurisdiction where plaintiff only alleged federal question jurisdiction over private TCPA claims); Bridge v. Ocwen Fed. Bank, 669 F. Supp. 2d 853, 859 (N.D. Ohio 2009) ("[T]he case law for the most part seems to hold that, although there exists no federal question jurisdiction for TCPA claims, there does exist diversity jurisdiction under 28 U.S.C. § 1332."); Charvat v. Echostar Satellite, LLC, 621 F. Supp. 2d 549, 552-59 (S.D. Ohio

2008) (exercising diversity jurisdiction over private TCPA claims and stating that Dun-Rite does not stand for the proposition that the TCPA divests federal courts of diversity jurisdiction). But see Axis Fin. Group, Inc. v. I Hire, LLC, No. 1:05 CV 1082, 2005 WL 6058555, at *2-4 (N.D. Ohio July 26, 2005) (finding that the TCPA prohibits diversity jurisdiction, but relying on a district court opinion subsequently vacated by the United States Court of Appeals for the Second Circuit).

In contrast, a majority view has not yet developed among district courts within the Sixth Circuit about whether district courts may exercise supplemental jurisdiction over a private TCPA claim. In one case where plaintiffs argued that the district court had supplemental jurisdiction over private TCPA claims "pursuant to 28 U.S.C. § 1367 for pendent state law claims," a district court reasoned that, because the TCPA "is a federal claim despite the fact there is no federal question jurisdiction to hear it" and, therefore, is not a pendent state law claim, the district court could not exercise supplemental jurisdiction. Bridge, 669 F. Supp. 2d at 859. However, Bridge is distinguishable because in that case the court dismissed plaintiffs' FDCPA claim over which it had original jurisdiction, see id. at 857-58, whereas in this case Brown's claim that Hosto violated one of the FDCPA provisions survives Hosto's motion to dismiss. Unlike Bridge, an independent basis for federal

18

jurisdiction continues to exist in this case after Hosto's Motion to Dismiss.

This Court may and should exercise supplemental jurisdiction over Brown's TCPA claim.[5] Although the Sixth Circuit has stated that "state courts' maintenance of exclusive jurisdiction over private rights of action under the TCPA and federal courts' concomitant lack of jurisdiction to hear such private claims are well-settled," Dun-Rite Constr., 2004 WL 3239533, at *2, it has subsequently expressed doubt about its prior opinion, stating "the existence or non-existence of federal-question jurisdiction over private TCPA claims is not a settled question." Charvat, 561 F.3d at 627 n.2. Faced with these conflicting opinions, district courts within the Sixth Circuit interpret the reference in Dun-Rite Construction to the "exclusive jurisdiction" of state courts as barring only federal question jurisdiction over private TCPA claims, not diversity jurisdiction. See Am. Copper & Brass, 2010 WL 2998472, at *2 (exercising diversity jurisdiction); Imhoff Inv., 2010 WL 2772495, at *2 (dismissing private TCPA claim for lack of federal question jurisdiction). Because Dun-Rite Construction is an unpublished decision and, thus, "is not precedentially binding under the doctrine of stare decisis" and "is considered

---

[5] Brown has not argued that diversity jurisdiction exists and has pled no facts showing that Brown and Hosto are diverse or that the amount-in-controversy requirement is met. (See Compl. ¶¶ 1-2.)

. . . for its persuasive value only," no controlling precedent demands the conclusion that private TCPA claims may not be heard in federal court under any circumstances. United States v. Sanford, 476 F.3d 391, 396 (6th Cir. 2007). That Charvat, a published opinion, is binding precedent supports this conclusion. See Bennett v. MIS Corp., 607 F.3d 1076, 1095 (6th Cir. 2010).

On the question of whether Congress intended private TCPA claims to be heard only in state courts, the United States Court of Appeals for the Seventh Circuit's opinion in Brill v. Countrywide Home Loans, Inc., 427 F.3d 446 (7th Cir. 2005) is persuasive. The Seventh Circuit interpreted the language in § 227(b)(3) as restating the established norm that plaintiffs can use state forums to enforce the TCPA, a federal statute, to the extent state courts are generally open to civil litigation and perhaps giving states authority to decide for themselves whether to hear claims under the TCPA, not as barring federal jurisdiction in all cases. Id. at 451. One of the primary reasons for the Seventh Circuit's interpretation is that § 227(b)(3) does not say that state jurisdiction is exclusive, although another portion of the TCPA does use the word "exclusive." Id. Section 227(f)(2) says that "district courts of the United States . . . shall have exclusive jurisdiction over all civil actions" brought by states alleging that

20

defendants violated the TCPA.  47 U.S.C. § 227(f)(2).  Because §
227(f)(2) explicitly mentions exclusivity, although § 227(b)(3)
does not, the Seventh Circuit said "the natural inference is
that the state forum mentioned in § 227(b)(3) is optional rather
than mandatory."  Id.  Reasoning that "differences in language
within a single enactment imply differences in meaning as an
objective matter," the Seventh Circuit concluded that "[t]he
contrast between § 227(f)(2) and § 227(b)(3) is baffling unless
one provides exclusivity and the other doesn't."  Id.  This
reasoning persuasively demonstrates that private TCPA claims
may, in limited circumstances, be heard in federal district
courts.

Supplemental jurisdiction is one such circumstance.  As a
matter of statutory analysis, the Second Circuit's opinion in
Gottlieb persuasively demonstrates that Congress did not divest
district courts of the authority to exercise supplemental
jurisdiction over private TCPA claims.  Gottlieb, 436 F.3d at
342-43; cf. Brill, 427 F.3d at 451 (implying that nothing bars
district courts from exercising supplemental jurisdiction over
TPCA claims).  Faced with precedent holding that state courts
have "exclusive" jurisdiction over private TCPA claims and that
district courts lack federal question jurisdiction over private
TCPA claims, the Second Circuit concluded that the reference to
"exclusive" jurisdiction "meant only that state courts have

21

exclusive  substance-based  jurisdiction  over  private  TCPA claims." Gottlieb, 436 F.3d at 337 n.3.   It reasoned that, because § 227(f)(2) limits only the jurisdiction of state courts and expressly gives "exclusive jurisdiction" to federal courts, "Congress did not similarly vest categorical, 'exclusive' jurisdiction in state courts for private TCPA claims, and therefore did not divest federal courts of both federal question and diversity jurisdiction." Id. at 338.   After considering the TCPA's text, structure, history, and purpose, the Second Circuit "conclude[d] that Congress did not intend to divest the federal courts of diversity jurisdiction over private causes of action under the TCPA." Id. at 343.   In reaching that conclusion, the Second Circuit expressly rejected an interpretation of the TCPA that would preclude district courts from exercising supplemental jurisdiction.   Id. at 342.   It stated, "In the absence of a clear expression of congressional intent that federal courts under no circumstances are to hear private TCPA claims, we have neither the authority nor the inclination to countenance such a result." Id. at 342-43.   District courts within the Sixth Circuit have similarly concluded that they may exercise diversity jurisdiction over private TCPA claims and rejected arguments that Congress barred district courts from hearing private TCPA claims. See Am. Copper & Brass, 2010 WL 2998472, at *2.   This Court has authority to exercise supplemental

22

jurisdiction over private TCPA claims when "they form part of the same case or controversy" as claims within the Court's original jurisdiction.  28 U.S.C. § 1367(a).

Here, for the reasons discussed above, the Court has original jurisdiction over Brown's claim that Hosto violated 15 U.S.C. § 1692d(5), and 47 U.S.C. § 227(b)(3) does not expressly provide that the Court may not exercise supplemental jurisdiction.  Because Brown's claims that Hosto violated 15 U.S.C. § 1692d(5) and 47 U.S.C. § 227(b)(1)(A)(iii) arise out of telephone calls made by Hosto to collect a debt owed by Brown, the two claims "derive from a common nucleus of operative facts" and, therefore, "form part of the same case or controversy" for purposes of supplemental jurisdiction.  Harper v. AutoAlliance Int'l, Inc., 392 F.3d 195, 209 (6th Cir. 2004) (quoting Ahearn v. Charter Twp. of Bloomfield, 100 F.3d 451, 454-55 (6th Cir. 1996)).  Therefore, the Court may exercise supplemental jurisdiction.  See Watson v. NCO Group, Inc., 462 F. Supp. 2d 641, 646 (E.D. Pa. 2006) (finding that supplemental jurisdiction existed over a TCPA claim where the plaintiff brought claims under the FDCPA and TCPA based on identical facts); Kopff v. Battaglia, 425 F. Supp. 2d 76, 79 n.1 (D.D.C. 2006) (finding that the court could exercise supplemental jurisdiction over TCPA claims); Kinder v. Citibank, No. 99-CV-2500, 2000 WL 1409762, at *3 (S.D. Cal. Sept. 14, 2000) ("Nothing in the Ninth

23

Circuit's analysis suggests that the TCPA precludes district courts from hearing private TCPA claims where some other independent basis for federal jurisdiction exists, such as diversity of citizenship or supplemental jurisdiction.").

Exercising supplemental jurisdiction over a private TCPA claim makes sense as a matter of judicial discretion where original jurisdiction exists over a FDCPA claim arising out of the same conduct, telephone calls from a debt collector to a debtor. See City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 172-73 (1997) (stating that district courts have discretion in whether to exercise supplemental jurisdiction). "[W]hen deciding whether to exercise supplemental jurisdiction, 'a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity.'" Id. at 173 (quoting Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988)). All of these values favor exercising supplemental jurisdiction because Brown's FDCPA and TCPA claims arising out of the same telephone calls turn on the same facts that would otherwise have to be proven in duplicative proceedings in state and federal court. See Watson, 462 F. Supp. 2d at 646 ("If the Court dismissed the TCPA claim for lack of jurisdiction, Plaintiff would refile in state court, thus creating parallel actions based on the same facts in two different fora. This would

promote a needless waste of resources through duplicative discovery and motion practice, and would create the possibility of conflicting factual findings and legal holdings.") (citations omitted). The sui generis nature of the substance of TCPA claims also favors exercising supplemental jurisdiction over TCPA claims because they are based on a federal statute, not state law, and thus raise few comity concerns. See Charvat, 561 F.3d at 630 n.6 ("The issue before us is the interpretation of a federal statute. We therefore are not bound by decisions of the state courts of Ohio interpreting the federal TCPA.").

Here, no basis exists to decline to exercise supplemental jurisdiction over Brown's TCPA claim. The claim does not raise a novel or complex issue of state law because it does not raise an issue of state law at all. See id. The claim does not substantially predominate over Brown's claim that Hosto violated the FDCPA and, for the reasons stated above, Brown's FDCPA claim over which the Court has original jurisdiction survives Hosto's Motion to Dismiss. There are no exceptional circumstances providing a compelling reason to decline jurisdiction. Therefore, the Court should not decline to exercise supplemental jurisdiction. See 28 U.S.C. § 1367(c); Campanella v. Commerce Exch. Bank, 137 F.3d 885, 892 (6th Cir. 1998) ("[I]f there is some basis for original jurisdiction, the default assumption is that the court will exercise supplemental jurisdiction over all

related claims."). The Court will exercise supplemental jurisdiction over Brown's TCPA claim.

### 2. Merits of Motion to Dismiss

Under 47 U.S.C. § 227(b)(1)(A)(iii), it is unlawful to place a call "using any automatic telephone dialing system or an artificial or prerecorded voice" to a telephone number assigned to a cellular telephone service. 47 U.S.C. § 227(b)(1)(A)(iii). There are three elements:

> To state a claim under the TCPA for calls made to a cellular phone, a plaintiff must establish that: (1) a call was placed to a cell or wireless phone, (2) by the use of any automatic dialing system and/or leaving an artificial or prerecorded message, and (3) without prior consent of the recipient.

Pugliese, 2010 WL 2632562, at *7 (citing 47 U.S.C. § 227(b)(1)(A)).

Here, Brown alleges that, within one year before her filing the Complaint, Hosto used an automatic telephone dialing system to call Brown's cellular telephone number in an effort to collect a debt she owed. (Compl. ¶¶ 11-12.) When presented with similar factual allegations, courts have denied motions to dismiss. See Reyes v. Saxon Mortg. Servs., Inc., No. 09cv1366, 2009 WL 3738177, at *4-5 (S.D. Cal. Nov. 5, 2009) (denying motion to dismiss where plaintiff alleged that defendant "frequently made calls to Plaintiff's cell phone using an automatic telephone dialing system (including an automated

dialing machine, dialer, and auto-dialer) and an artificial or prerecorded voice"); see also Greene v. DirecTV, Inc., No. 10 C 117, 2010 WL 1506730, at *2 (N.D. Ill. Apr. 14, 2010) (denying motion to dismiss); Kazemi v. Payless Shoesource Inc., No. C 09-5142, 2010 WL 963225, at *3 (N.D. Cal. Mar. 16, 2010) (denying motion to dismiss). Although not overwhelmingly detailed, Brown's factual allegations state a plausible claim for relief under 47 U.S.C. § 227(b)(1)(A)(iii). See Erickson, 551 U.S. at 93. Therefore, Hosto's Motion to Dismiss Brown's 47 U.S.C. § 227(b)(1)(A)(iii) claim is DENIED.

### C.   Hosto's Request for Attorney Fees

Under 15 U.S.C. § 1692k(a)(3), on a finding that an FDCPA claim "was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs." 15 U.S.C. § 1692k(a)(3). Here, Hosto seeks attorney fees under 15 U.S.C. § 1692k(a)(3), claiming that Brown's lawsuit was instituted in bad faith and for the purpose of harassment. (Def.'s Br. 11-12.) Hosto has not presented any evidence of bad faith, and the Court is unable to find any, particularly given that two of Brown's three claims survive Hosto's Motion to Dismiss. Cf. Horkey v. J.V.D.B. & Assocs., Inc., 333 F.3d 769, 775 (7th Cir. 2003) ("Although we have not had occasion to delineate what constitutes a lawsuit brought in bad faith and

for the purpose of harassment under § 1692k(a)(3), we are confident that no sound concept of such a suit could encompass an action in which the plaintiff wins summary judgment on three of her four asserted claims and has a colorable argument as to the claim on which she ultimately did not prevail."); Sanchez v. United Collection Bureau, Inc., 649 F. Supp. 2d 1374, 1382 (N.D. Ga. 2009) ("The standard for bad faith is higher than the standard for mere frivolousness.") (citation omitted). "Just because a defendant 'disagrees with Plaintiff's theory of FDCPA liability' in a case is no basis for a court to conclude that the plaintiff acted in bad faith or with a 'nefarious motive.'" Campbell v. Credit Bureau Sys., Inc., 655 F. Supp. 2d 732, 742-43 (E.D. Ky. 2009) (quoting Deere v. Javitch, Block & Rathbone LLP, 413 F. Supp. 2d 886, 889 (S.D. Ohio 2006)). Hosto's request is DENIED.

### IV. Conclusion

For the above reasons, Hosto's Motion to Dismiss Brown's claims that Hosto violated 15 U.S.C. § 1692d(5) and the TCPA is DENIED. Hosto's Motion to Dismiss Brown's claim that Hosto violated 15 U.S.C. § 1692c(a)(2) is GRANTED WITHOUT PREJUDICE.

So ordered this 2nd day of November, 2010.

s/ Samuel H. Mays, Jr.
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE